**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                  Case Number: 8:21-CV-188-T-35AEP

WE CARE PHARMACY, LLC,
QINGPING ZHANG, PHARMD, MS;
LI YANG, L & Y HOLDINGS, LLC.,

                Defendants.
_____/

<u>ANSWER</u>

      Comes now the defendants, WE CARE PHARMACY, LLC, QINGPING ZHANG,

PHARMD, MS; LI YANG, L & Y HOLDINGS, LLC., by and through the undersigned counsel,

and hereby collectively answer the complaint.  Defendants further respond as follows:

1. Admit for jurisdictional purposes.

2. Denied.

3. Denied.

4. Denied.

5. Admit.

6. Admit.

7. Admit.

8. Admit.

9. Admit.

10. Admit.

11. Admit.

12. Admit, based on a logical assumption of the identity of "Prescriber 1".

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Admit.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit as to intentional violations.  Denied as to unintentional violations.

28. Admit a pharmacist may not fill a prescription for a controlled substance if the pharmacist knows there is no legitimate medical purpose.  Denied if the pharmacist does not know there was no legitimate medical purpose.

29. Admit.

30. Admit the CSA prohibits, (2) managing or controlling any place and knowingly making that place available for use for the purpose of unlawfully distributing a controlled

substance.  Denied that the CSA prohibits (1) knowingly opening, leasing, renting, using, or maintaining any place for the purpose of distributing a controlled substance.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Largely admit.  The code literally says, "… appropriateness by identifying:" and not "…and identify,".  Defendants deny they are indications.  They may or may not be signs that indicate something.  Defendants admit they should be identified.  If there is a difference in application or meaning to whatever extent, defendants deny.  Otherwise admit.

36.  Admit.

37. Mostly admit.  Florida Statutes 465.016(t) addresses things that could lead to disciplinary action or get a license revoked or denied.  To the extent pharmacists should interpret and act on clinical data and perform therapeutic interventions, admit.

38. Mostly admit.  A pharmacist cannot knowingly or intentionally violate the stated standard.  A pharmacist may not knowingly or intentionally issue a prescription for an illegitimate medical purpose.

39. Admit.

40. Admit that the expectation is that a pharmacist exercise sound professional judgment.  Admit the portion of the code cited.  The entire code section was not cited.  Admit the continuing education requirement on detecting illegitimate prescriptions.

41. Admit the allegations as to 21 U.S.C. 842 and 829.  Unknown as to 21 C.F.R.1306, and therefore denied.

42. Admit violations of 21 U.S.C.842 are subject to a civil penalty.  Unknown as to the maximum penalty and therefore denied.  However, defendants assume the government is correct.

43. Admit violations of 21 U.S.C.856 are subject to a civil penalty.  Unknown as to the maximum penalty and therefore denied.  However, defendants assume the government is correct.

44.  Admit.

## DEFENDANTS ALLEGED VIOLATIONS OF THE CSA

45. Admit that all DEA registrants that manufacture and distribute specific controlled substances are required to report to ARCOS.  Unknown to the defendants whether the wholesalers who sold to We Care reported applicable transactions and therefore denied.

46. Admit.

47. Defendants assume by "dosage units" the government means individual pills or tablets. Admit that over a four-year period it is likely We Care purchased hundreds of thousands of pills or tablets of Schedule II controlled substances, including hydromorphone and oxycodone.

48. Denied.  Additionally, We Care is not privy to information of other pharmacies and the allegations are therefore denied.

49. Denied.  Additionally, We Care is not privy to information of other pharmacies and the allegations are therefore denied.

50. Denied.  We Care did not attempt to purchase oxycodone 30mg tablets and hydromorphone 8mg tablets in transactions on 14 different days from 11 different distributors.  That allegation is not true.  The plaintiff's understanding of the relationship between We Care and its distributors is incorrect, the remainder of the allegation in paragraph 50 is therefore denied.

51. We Care denies it purchases relatively high amounts of hydromorphone and oxycodone. Defendants are not privy to what other pharmacies in Florida and Tampa purchase and therefore deny.  The plaintiff took possession of We Care's records but We Care believes it did purchase hydrocodone in 2020 and therefore denies the allegation.  However, We Care purchased a full supply of hydrocodone on January 7, 2021.

52. Admit.

53. Whether it is common for a single prescriber to issue controlled substance prescriptions only in the maximum strength formulation is irrelevant and therefore denied. Presumably, plaintiff confuses "Prescriber 1", a specifically trained pain management qualified physician, with its stated "single prescriber".  They are not the same.  Admit that hydromorphone and oxycodone are available in a variety of strength formulations. Unknown what plaintiff means by "high alert" drugs and therefore denied.

54. Defendants are not privy to the stated data and therefore denied.  Denied that a large percentage of We Care patients received the "same high-strength formulations and tablet amounts" and further deny it indicates a lack of individualized treatment.

55. Defendants are not privy to the stated data and therefore denied.  Specifically, denied that a large majority of We Care's controlled substance customer base comes to the pharmacy seeking to fill prescriptions issued by Prescriber 1.

56. Defendants are not privy to the stated data and therefore denied.  Defendants specifically deny that 50% of controlled substance prescriptions dispensed by We Care from January 1, 2016 to January 7, 2021were for Schedule II opioids.

57. Defendants are not privy to the stated data and therefore denied.  Denied that We Care dispensed oxycodone and hydromorphone more than any other controlled substances.  It is irrelevant what is rare and not rare for any other pharmacy and therefore denied.

58. Denied that We Care dispensed an extraordinary volume of controlled substances to Prescriber 1's patients.  Denied that Prescriber 1 has no specialty training in pain management.  The remainder of the allegation is irrelevant and therefore denied.

ALLEGATIONS DEFENDANTS IGNORED "RED FLAGS" OF ABUSE OR DIVERSION

59. Denied.

60. Denied We Care Pharmacy and Zhang ignored indicators of diversion.  Denied that "red flags" are common indicators of diversion or that a prescription may not be legitimate.

61. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  A licensed Florida pharmacist is not required to run through some codified list of items called "red flags".  "Red flags" is not a term found in the Florida Statutes or the Florida Administrative Code.  Furthermore, what may happen in "some situations" is irrelevant and therefore denied.

62.  Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  Denied that defendants were presented with repeated signs that prescriptions presented to the pharmacy could not plausibly have been issued for a legitimate medical purpose by a practitioner acting in the usual course of professional practice.

63. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.

64. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  Defendants deny filling prescriptions without regard for the lack of any plausible legitimacy of those purported prescriptions.

65. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  It is irrelevant whether prescriptions were issued by the same prescriber for the same dosages of oxycodone or hydromorphone and therefore denied.  Denied prescriptions were often filled or wrongfully filled to individuals who traveled long distances. Denied prescriptions were often filled to multiple individuals reporting the same address.  Denied We Care's practices were either egregious or dangerous in dispensing.

ALLEGATIONS REGARDING RED FLAG:PATTERN PRESCRIBING

66. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  Presumably, plaintiff believes Prescriber 1 is not an authorized pain management physician and is specifically authorized to issue high-strength medications for the same patients over long periods of time.

67. Denied the prescriptions were "purported".  They were lawful prescriptions.  Irrelevant what the strength of any prescription and whether it may or may not be commonly abused and therefore denied.

68. Unknown to defendants at this time but presumed correct.

69. Unknown to defendants at this time but presumed correct.

70. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  Denied that any reasonable pharmacist would stop filling the prescriptions.

71. Defendants are not currently in possession of the data to either admit or deny.  However, after reviewing a calendar, January 5, 2021 was the first day open after a long New Year's holiday.  It would not be surprising if the number were higher than normal.

72. Denied as to any inappropriate inference.  Plaintiff inaccurately states the concept of "rubber stamping" and therefore denied.  This is not rubber stamping.  Presenting prescriptions on the same day of each month would be normal since the prescriptions are for 28 days.  If one reviews a calendar for October, November, and December 2020, and counts the days before a renewal prescription can be obtained, it is entirely reasonable for these four patients to present on the same day of the month.

73. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  In fact, this does not even qualify as a "red flag" under the plaintiff's erroneous definition of "red flags".

74. Denied these were "pattern prescriptions" as the plaintiff defines them.  Denied these are large numbers of prescriptions from Prescriber 1.  Furthermore, a review of these seven dates picked out over a three-year time frame, the dates on the calendar reflect four were on a Monday, two were dates reopened by government order (pandemic).  Additionally, two followed hurricanes and two were after closing for vacation.  It would be expected that numbers may be higher on those dates.

ALLEGATIONS OF RED FLAG: LONG DISTANCE TRAVEL TO OBTAIN OPIOIDS

75. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.  In fact, the distance between a patient's address and the pharmacy is not even

something a Florida pharmacist has to look at under the Florida Statutes or the Florida Administrative Code.  Furthermore, it is irrelevant what most people do or what other individuals do and any inference is therefore denied.

76. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.

77. PDMP data is not currently available to defendants and therefore denied.  However, defendants assume it to be correct and specifically respond as if the data is correct.

    a.  Defendants presume to have identified P.M.  P.M.'s doctor's office is in the same building as We Care.  Distance "red flag" is therefore resolved.  Also, P.M. is a long-term patient of the pharmacy who also watches P.M.'s other medications.  We Care provides specific long-term care for P.M.  Again, "red flag" resolved.

    b.  Defendants presume to have identified T.J.  T.J.'s doctor's office is in the same building as We Care.  Distance "red flag" is therefore resolved.  Also, T.J. is a long-term patient of the pharmacy who also watches T.J.'s other medications.  T.J. is actually a patient who is being tapered down and needs to be watched closely.  We Care provides specific long-term care for T.J.  Again, "red flag" resolved.

    c.  Defendants presume to have identified R.S.  R.S.'s doctor's office is in the same building as We Care.  Distance "red flag" is therefore resolved.  R.S. is a very long-term patient of We Care.  R.S. is a patient whose opioids are being tapered down. R.S. has been weaned off morphine and needs to be watched closely. We Care also compounds a cream R.S. uses.  We Care provides specific long-term care for R.S. Again, "red flag" resolved.

d.  Defendants presume to have identified L.L.  L.L.'s doctor's office is in the same building as We Care.  Distance "red flag" is therefore resolved.  L.L. is a long-term patient of We Care.

e.  Defendants presume to have identified V.H.  V.H.'s doctor's office is in the same building as We Care.  Distance "red flag" is therefore resolved.  V.H. was a long-term patient of We Care.  However, V.H. has been discharged as a patient.

f.  Defendants presume to have identified J.N.  J.N.'s doctor's office is in the same building as We Care.  Distance "red flag" is therefore resolved.  J.N. is a long-term patient of We Care.  J.N. is a patient whose opioids are being tapered down.  J.N. needs to be watched closely. We Care also compounds a cream J.N. uses.  We Care provides specific long-term care for J.N.  Again, "red flag" resolved.

78. Denied.

<u>ALLEGATIONS RED FLAG: MULTIPLE INDIVIDUALS AT COMMON ADDRESS</u>

79. Admit that a prescription must contain an address and that the pharmacist is required to document the patient's address and report the information to the PDMP.  Plaintiff inaccurately states the overall concept of "red flags" and therefore the allegation that defendants should recognize some abuse or diversion is denied.   Furthermore, multiple individuals sharing a common address would only be recognized by a pharmacist if they all showed up on the same day at the same time.  Otherwise, the system does not "tag" the fact that multiple individuals are listing the same address.  It is not a "red flag" and not something a pharmacist would generally know, unless the patients all showed up at the same time on the same day.

80. The allegation is not specific to the defendants, appears irrelevant, and therefore denied.

81. PDMP data is not currently available to defendants and therefore denied. However, defendants assume it to be correct and specifically respond as if the data is correct.

    a. The address is an apartment. Defendants believe the number is five but will assume six in this answer. The six (or five) people were not all at the same address at the same time. The patients presented over a five-year time span and did not present at the same time.

    b. Denied. This too is an apartment complex. Defendants do not believe the patients were using the same address. Defendants do not believe three received opioid prescriptions from We Care.

    c. Denied. Defendants do not believe three different individuals were living at the same address over a five-year period. They did not present prescriptions at We Care at the same time.

82. Denied.

## ALLEGATIONS OF WARNING BY A DISTRIBUTOR

83. It is wholly irrelevant what a distributor thinks or believes it may know and that a distributor has some authority or credibility over the defendants. The allegation is therefore denied.

84. Denied. It is wholly irrelevant what a distributor thinks or believes it may know and that a distributor has some authority or credibility over the defendants. The allegation is therefore denied. Plaintiff inaccurately states the overall concept of "red flags" and therefore a-e are specifically denied.

85. Irrelevant, currently unknown to defendants and therefore denied.

86. Denied.  Plaintiff inaccurately states the overall concept of "red flags" and therefore denied.

### COUNT I

87. The defendants re-allege and incorporate by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

88. Admit.

89. Denied.

90.  Denied.

91.  Denied.

### COUNT II

92. The defendants re-allege and incorporate by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

93. Admit.

94. Denied.

### COUNT III

95. The defendants re-allege and incorporate by reference its answers to the allegations in the foregoing paragraphs as though fully set forth herein.

96. Denied.

97. Denied.

98. Denied.

### DEMAND FOR JURY TRIAL

All defendants in this cause demand a trial by jury on all issues lawfully subject to trial by jury.

WHEREFORE defendants respectfully request this Court deny plaintiff's requested relief, enter judgment for the defendants, award defendants their costs to defend, and any further relief the court deems just and proper.

<u>CERTIFICATE RE: E-FILING AND E-SERVICE</u>

I HEREBY CERTIFY that this document was filed electronically with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel of record who have entered notices of appearance in this matter this 16th day of February, 2021.

_/s/ *M. D. Purcell, Jr.*____
M. D. PURCELL, JR., ESQ.
Law Offices of M. D. Purcell, Jr.
1110 N. Florida Ave.
Tampa, Florida  33602
Telephone: (813)960-7887
Facsimile: (813)221-9736
chip@mdpurcell.com
pam@mdpurcell.com
FBN 0831591