UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,

  Plaintiff,

v.                                    Case No. 8:21-cv-188-MSS-AEP

WECARE PHARMACY, LLC;
QINGPING ZHANG, PHARMD,
MS; LI YANG, L&Y HOLDINGS,
LLC.

  Defendants.
_____/

**STIPULATED CONSENT JUDGMENT AND PERMANENT INJUNCTION**

      **THIS MATTER** comes before the Court upon the United States' Complaint for Permanent Injunction and Civil Penalties ("Complaint") under the Controlled Substances Act, 21 U.S.C. § 801 et seq., against Defendants WeCare Pharmacy, LLC ("WeCare"); Qingping Zhang, PharmD, MS ("Zhang"); Li Yang ("Yang"); and L&Y Holdings, LLC ("L&Y Holdings"), (Dkt. 1), and the parties' stipulation to the entry of a consent judgment and permanent injunction. (Dkt. 34) Upon consideration and review, the Court determines that the parties' Stipulated Consent Judgment and Permanent Injunction, (Dkt. 34-1), is due to be **APPROVED**. This Order is entered on the **STIPULATION** of the parties, not based on any independent review or findings by the Court other than as to venue and jurisdiction. More specifically and

pursuant to Federal Rule of Civil Procedure 65(d)(1)(A) and the parties' stipulation, this Order is entered to fully resolve the issues raised in this action.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the parties have reached a settlement of this matter, including the terms set forth below. Defendants deny committing any of the alleged violations contained in the Complaint. This Order is not an admission of liability by Defendants nor a concession by the United States that its claims are not well founded.

**NOW, THEREFORE**, without adjudication or admission of any issue of fact or law, and with the consent of the parties**, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Court has jurisdiction over the subject matter of this action pursuant to 21 U.S.C. §§ 8 42(c)(1)(a), 843(f)(2), and 882(a), as well as 28 U.S.C. §§ 1345 and 1355. For purposes of this Order, Defendants consent to this Court's jurisdiction over this Order and over Defendants.

2. Venue is proper in this District under 21 U.S.C. § 842(c)(1)(A) and 843(f)(2), as well as 28 U.S.C. §§ 1391(b), (c), and (d) and 1395(a). For purposes of this Order, Defendants consent to venue in this judicial district.

3. For purposes of this Order, Defendants agree that the Complaint states claims upon which relief can be granted pursuant to the Controlled Substances Act, 21 U.S.C. §§ 829 (a) and (b), 842(a)(1), 842(c)(1)(A), and 856. The Complaint alleges that:

(a) Defendants knowingly distributed or dispensed controlled substances pursuant to prescriptions that were issued without a legitimate medical purpose and outside the usual course of professional practice in violation of 21 U.S.C. §§ 829(a) and (b), 842(a)(1), and 21 C.F.R. § 1306.04; and distributed controlled substances while acting outside the usual course of the professional practice of pharmacy in violation of 21 U.S.C. § 842(a)(1) and 21 C.F.R. § 1306.06, and that as a result Defendants should be enjoined; and

(b) Defendants knowingly used, managed, or controlled the premises located at 7830 Gunn Highway, Tampa, Florida for the purpose of operating WeCare Pharmacy to, in part, unlawfully distribute controlled substances, in violation of 21 U.S.C. § 856 and that as a result Defendants should be enjoined.

4. The parties recognize, and the Court by entry of this Order finds, that this Order has been negotiated by the parties, and that this Order is fair, reasonable, and in the public interest.

5. Defendant WeCare Pharmacy, LLC, shall within thirty (30) calendar days from the entry of this Order surrender its DEA Certificate of Registration by executing Form DEA-104, to be provided to Defendant WeCare Pharmacy, LLC, through counsel, by the United States Attorney's Office for the Middle District of Florida. Defendant WeCare Pharmacy, LLC shall never apply for or seek renewal of a DEA registration, whether on its own behalf or on behalf of any other corporate entity.

6. Defendants Zhang and Yang shall never apply for or seek renewal of a controlled-substances registration from DEA, whether as an individual or on behalf of any other corporate entity.

7. Upon entry of this Order, Defendant WeCare is hereby:

(a) Permanently restrained and enjoined from operating as an ongoing business except that it is permitted to collect outstanding accounts receivable incurred prior to entry of this Order and perform limited administrative functions in order to cease business operations. WeCare agrees it will not accept any new business upon entry of this Order; and

(b) Permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from directly or indirectly administering, dispensing, distributing, or possessing with the intent to distribute, any controlled substance as defined under the Controlled Substances Act.

8. Upon entry of this Order, Defendant Zhang, who is trained as a pharmacist, is hereby permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from:

(a) Serving as a manager, owner, operator, or pharmacist-in-charge of any entity, including a pharmacy, that administers, dispenses, or distributes controlled substances; and

(b) Owning, operating, managing, or having an equity interest in (either personally or through an interest in a corporate entity, with the exception of any private employer stock plan or publicly traded company) any property

where controlled substances are administered, dispensed, or distributed; and

(c) Filling any controlled substance prescription without first exercising her corresponding responsibility to ensure that, a prescription for controlled substances was issued for a legitimate medical purpose and determining whether any circumstance exists that reasonably raises a question about the prescription's legitimacy or the lawfulness of its filling under the Controlled Substances Act (21 U.S.C. 801 et seq.) and its implementing regulations (21 C.F.R. Part 1306), including a prospective drug utilization review; and before filling any controlled substances prescription documenting the basis for any determination of legitimacy or resolution of any indication described in Fla Admin. Code 64B16-27.810 on the hard-copy prescription or in the pharmacy management software system.

9. In addition, upon entry of this Order, Defendant Zhang shall comply with the following additional terms for a period of three (3) years from the date of this Order ("the Monitoring Period"). By no later than the 10th day of January and the 10th day of July each year during the Monitoring Period, Defendant Zhang shall provide to DEA, in writing:

(a) The name and address of any employer during the previous six-month period (January through June, or July through December) that administers, dispenses, or distributes any controlled substance as defined under the Controlled Substances Act, and

(b) A certification attesting to the following: "During the previous

six-month period, I have complied with the terms of the Consent Judgment and Permanent Injunction entered in Case No. 8:21-cv-188-MSS-AEP, including notifying the United States of my employer, and have exercised my corresponding responsibility prior to dispensing controlled substances in the manner described in ¶8(c) of the Consent Judgment and Permanent Injunction."

10. Upon entry of this Order, Defendant Yang, who is trained as a pharmacy technician, is hereby permanently restrained and enjoined under 21 U.S.C. §§ 843(f) and 882(a) from:

(a) Serving as a manager, owner, operator, or pharmacist-in-charge of any entity, including a pharmacy, that administers, dispenses, or distributes controlled substances; and

(b) Owning, operating, managing, or having an equity interest in (either personally or through an interest in a corporate entity, with the exception of any private employer stock plan or publicly traded company) any property where controlled substances are administered, dispensed, or distributed.

11. For purposes of this Order, the terms "administer," "controlled substance," "dispense," and "distribute" are defined as set forth in 21 U.S.C. § 802.

12. Defendants' obligations pursuant to this Order shall be in addition to, and not in derogation of, all requirements imposed upon Defendants pursuant to all applicable federal, state, and local laws, including without limitation the requirements set forth in Title 21 of the United States Code and the regulations

promulgated thereunder.

13. Defendants shall notify the United States Attorney's Office for the Middle District of Florida; and the Civil Division, Consumer Protection Branch, in writing at least fifteen (15) business days before any change in ownership, name, or character of its business that occurs after entry of this Order, including an incorporation, reorganization, creation of a subsidiary, relocation, dissolution, bankruptcy, assignment, sale, or any other change in the structure or identity of WeCare or L&Y Holdings. Defendants shall provide a copy of this Order to any potential successor or assignee at least fifteen (15) business days prior to any sale or assignment. Defendants shall provide the United States Attorney's Office for the Middle District of Florida; and the Civil Division, Consumer Protection Branch, with an affidavit of compliance with this paragraph no later than fifteen (15) business days prior to such assignment or change in ownership.

14. All notifications, correspondence, and communications required to be sent to the Government by the terms of this Order shall be addressed to the Drug Enforcement Administration, Tampa District Office, 4950 West Kennedy Boulevard, Suite 400, Tampa, FL, 33609, attn.: Diversion Group Supervisor; United States Attorney's Office for the Middle District of Florida, 400 N. Tampa St. Suite 3200, attn: ACE Coordinator; and Civil Division, Consumer Protection Branch, 450 5th Street, NW, Washington, DC 20001, attn: Opioid Coordinator. All communications shall reference the case name and civil action number.

15. The parties may, at any time, agree to reasonably extend any deadline

provided in this order without seeking leave of the Court. Any such agreement shall not become effective unless and until such agreement is set out in writing and signed by counsel for both sides.

16. This Order resolves only those claims set forth in the Complaint and does not affect any other civil, criminal, or administrative claims that the United States may have or bring against Defendants.

17. In any criminal prosecution or administrative action that may be brought by the United States against Defendants relating to the conduct alleged in the Complaint, Defendants waive and shall not assert any defense based in whole or in part on a contention that such prosecution or action is barred under the Double Jeopardy Clause of the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution.

18. Should Plaintiff bring, and prevail in, a contempt action to enforce the terms of this Order, the Defendant or Defendants in contempt shall, in addition to other remedies, reimburse Plaintiff for its attorneys' fees and costs, travel expenses incurred by attorneys and witnesses, and court costs relating to such contempt proceedings.

19. Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Order.

20. Defendants represent that they freely and voluntarily enter into this Order without any degree of duress or compulsion.

21. This Order states the complete understanding and agreement of the parties as to the Complaint and shall be interpreted by the Court within its four corners, without consideration of any alleged collateral agreements. Any changes or modifications to the Order must be in writing and signed by all parties and entered by the Court, with the exception of any extension granted in writing pursuant to Paragraph 12.

22. This Court retains jurisdiction over this action and the parties thereto for the purpose of enforcing and modifying this Order and for the purpose of granting such additional relief as may be necessary or appropriate.

23. If any deadline in this Order falls on a weekend or federal holiday, the deadline is continued until the next business day.

24. The Clerk is **DIRECTED** to **CLOSE** this case.

SO ORDERED, this 29th day of October 2021.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of record
Any unrepresented parties